IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GUILLERMO HERNANDEZ, #16555-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv93 |
| | § | CRIMINAL ACTION NO. 4:09cr192(7) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant Guillermo Hernandez, with the assistance of counsel, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On May 10, 2010, without a plea agreement, Movant pleaded guilty to conspiracy to manufacture, distribute or possess with intent to manufacture or distribute methamphetamine, in violation of 21 U.S.C. § 846. He signed a Factual Statement detailing his involvement in the offense.

After the Magistrate Judge conducted a plea hearing, the District Judge accepted Movant's plea of guilty on May 17, 2010. Prior to sentencing, the presentence report was prepared. The report added three points to Movant's level for his leadership role in the conspiracy. It deducted two points from his offense level for acceptance of responsibility, and the Government objected to the report's

1

two-point deduction for acceptance of responsibility. Movant objected to the three-point increase for his leadership role. At sentencing, the court sustained the Government's objection, finding that Movant had not fully accepted responsibility. The court overruled Movant's objection, finding that the manager or supervisor role adjustment was applicable. The court sentenced Movant to 324 months' imprisonment on March 24, 2011.

On November 22, 2011, the United States Court of Appeal affirmed Movant's sentence on appeal. *United States v. Hernandez*, 451 F. App'x 402, 403 ( 5th Cir. 2011). The Fifth Circuit held that the court did not err in denying Movant's two-point reduction for not accepting responsibility or by increasing Movant's level by three points for his role as a manager or supervisor in the conspiracy. *Id*. Movant then filed the present motion pursuant to § 2255, asserting that he is entitled to relief because his guilty plea was unknowing and involuntary based on ineffective assistance of counsel. Specifically, Movant claims that counsel was ineffective when she:

(1) promised Movant that he would receive a sentence of less than five years;

(2) failed to advise him of the consequences of signing the amended Factual Statement before he entered a plea; and

(3) failed to investigate the amount of drugs for which Movant would be held responsible.

The Government filed a Response, asserting that Movant's claims are barred by his knowing and voluntary plea, and are without merit. Movant did not file a Reply.

## II. § 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction.

The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

### III. MOVANT'S GUILTY PLEA

Movant pleaded guilty to conspiracy charges in an Information without a plea agreement. He now asserts that his guilty plea was unknowing and involuntary due to his counsel's ineffectiveness. Thus, the court first examines the circumstances surrounding Movant's plea of guilty.

**Plea Hearing**

At Movant's change of plea hearing, held on May 10, 2010, Movant stated:

1. He was not under the influence of drugs, medications, or alcohol;
2. His counsel had discussed the waiver of indictment with him;
3. No promises or threats were made to induce him to waive an indictment;
4. He understood the Consent form and had discussed it fully with counsel;
5. He was satisfied with his counsel and her legal representation;
6. He had adequate time to discuss the charges with her;
7. He was satisfied that counsel had considered any possible defenses to the charge;
8. He understood the charges against him;
9. He understood the elements of the crime charged;
10. He understood the sentencing range was a minimum of ten years and a maximum of

life imprisonment;

11. He discussed the sentencing guidelines with counsel;

12. He understood how the sentencing guidelines may apply to his case;

13. He understood that the court would be unable to determine his sentencing guideline range until after the presentence report had been completed;

14. He understood that the sentence imposed could be different from any estimate his counsel, the Government, or the probation office may have given him;

15. There were no promises, force, or threats by anyone to induce him to plead guilty;

16. He understood that if the sentence is more severe than what he expected, he is still bound by his guilty plea; and

17. His guilty plea was freely and voluntarily given.

Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977).

During the hearing, the Factual Statement was amended to note that Movant was being charged by Information and to include a certain minimum quantity of drugs. The amended Factual Statement reflected that Movant was guilty of "conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine." After the court read the changes into the record, Movant affirmed that the facts were true and correct. Counsel for the Government stated that she believed Movant was responsible for "much more" than that. Thus, she claimed that Movant was failing to properly accept responsibility by minimizing his participation in the conspiracy. Movant said that he understood the Government believed he was

responsible for "much more."

The court admonished Movant as to the charges against him and further explained the rights Movant was giving up by pleading guilty to a felony. Movant stated that:

1. He understood the rights that he was waiving;

2. There were no promises made to him leading him to plead guilty; and

3. He was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged.

Formal declarations in open court carry a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629. Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). Movant's allegation that his plea was unknowing and involuntary is contradicted by the plea hearing.

**Consent to Administration of Guilty Plea**

Additionally, on May 10, 2010, Movant signed a Consent to Administration of Guilty Plea. In the Consent, Movant stated that

1. He understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel;

2. He understood that the court will consult the Sentencing Guidelines in assessing a sentence;

3. He understood that the court, however, is not bound by the Guidelines;

4. He understood that, although he may have been given a possible range of punishment, it is only an estimate;

5

5. He understood that his punishment could be increased based on various factors such as prior criminal history, his role or participation in the crime, the quantity of contraband attributed to him, or the use of weapons;

6. He was aware that the court is not bound by any agreements between himself and the Government;

7. He understood that only the United States District Judge will determine his sentence;

8. He was making his plea of guilty of his own free will;

9. He was not induced or forced to plead guilty;

10. No promises or threats had been made to induce him to plead guilty;

11. He pleaded guilty because he was guilty;

12. He fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, forfeiture, and restitution;

13. He fully understood the ramifications of pleading guilty and had no reservations or questions concerning it;

14. He was not under the influence of any substances or medications and he was fully competent to enter a plea before the court;

15. He knew that, before pleading guilty, if he had any questions, he could freely consult with his attorney;

16. He was satisfied with his attorney's representation;

17. He signed the Factual Statement;

18. The Factual Statement is true and correct;

19. He reviewed the Factual Statement and there were no material errors;

20. He understood that his statements were made under the penalty of perjury.

Any allegation that Movant's guilty plea was not knowingly and voluntarily made is contradicted by Movant's signed Consent.

**Factual Statement**

At the plea hearing, Movant affirmed that it was his signature on the Factual Statement. The court noted that no quantities of drugs were included in the Factual Statement, and that to plead guilty to Count 1 of the Information, Movant would have to attest to at least the quantity of drugs contained in the Information – 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Movant said he agreed with that statement and the quantity. After the appropriate changes were made to the Factual Statement, Movant said he understood the changes. The changes were initialed by the parties. Movant's Factual Statement attested that:

1. Movant and one or more persons made an agreement to manufacture or distribute or posses with the intent to manufacture or distribute at least 500 grams of a mixture of substance containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine (actual).

2. Movant admitted that he knew the unlawful purpose of the agreement, but joined in it with the intent to further it;

3. Movant admitted that his role in the conspiracy was taking phone calls concerning methamphetamine and directing the callers to the sources of methamphetamine;

4. Movant fully understood the facts stipulated;

5. Movant discussed the facts stipulated with his attorney; and

6. Movant agreed without reservation that the Factual Statement accurately described the events and his acts.

At this point, counsel for Government stated that she believed the quantity of drugs to which Movant admitted was understated. The Magistrate Judge then advised Movant that the Government believes that his involvement is much more than that to which he admits. Movant affirmed that he understood the Government's position. The court noted that these matters would likely come in at Sentencing.

**Findings of Fact**

Finally, on May 14, 2010, the court entered Findings of Facts. Based on the hearing in which Movant pleaded guilty, the court found that:

1. Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution;

2. Movant was fully competent and capable of entering an informed plea;

3. Movant was aware of the nature of the charges and the consequences of the plea;

4. Movant's plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense.

Any allegation that the guilty plea was not knowingly or voluntarily made is further contradicted by the Findings of Facts.

**Conclusion - Guilty Plea**

In sum, the court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable

of entering an informed plea. It found that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

The District Court accepted Movant's guilty plea on Count One of the Information. In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). Any allegation that Movant's plea was not knowingly and voluntarily made is contradicted by his plea hearing, the Consent, the Factual Statement, and Findings of Fact.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his trial counsel was ineffective, which resulted in an unknowing and involuntary guilty plea. Because ineffective assistance of counsel could arguably affect the validity of the guilty plea, the court next examines Movant's ineffective claims.

**Legal Standard**

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 667. In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id*., 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*., 466 U.S. at 697, 104 S. Ct. 2052.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *Diaz*, 733 F.2d at 376. The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of

a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77.

If a Movant challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 57, 106 S. Ct. at 370.

**Promised Sentence of Less than Five Years**

Movant claims that trial counsel was ineffective because she promised him that he would receive a sentence of "less than five years." Specifically, he alleges that counsel told him that no drug amount was shown, and that he would be sentenced to less than five years after receiving a safety valve reduction. He claims, that although he understood the admonishment from the Magistrate Judge that the statutory sentencing range was a minimum of ten years to life imprisonment, he disregarded it based on counsel's promise.

The Fifth Circuit has held that, when a defendant pleads guilty on the basis of a promise by

his trial counsel or the prosecutor, whether or not such promise is capable of being fulfilled, breach of that promise taints the voluntariness of the plea. *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir. 1986). To show that the promise affects the voluntariness of his plea, Movant is required to show (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of any eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). If Movant produces an independent indicia of the likely merits of his allegations, typically in the form of one or more affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id*. However, if his showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary. *Id*. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Movant fails to point to sufficient evidence, from the record or otherwise, to meet the *Cervantes* requirements. *Cervantes*, 132 F.3d at 1110. While he alleges the promise occurred sometime on May 10, 2010, he fails to state when, exactly, the promise was made. *Id*. He states that his counsel told him that because "no drug amount was shown," he would be sentenced to less than five years. However, he fails to provide any witnesses to the promise. *Id*.. He provides no affidavits from reliable third parties. *Id*. A review of the plea hearing transcript shows that the Magistrate Judge admonished Movant that the Government's perception was that Movant was

understating his participation in the conspiracy and the quantity of methamphetamine. He also admonished Movant that, although Movant was admitting to the certain quantity of drugs, after the presentence report was prepared, that issue would likely be part of the sentencing hearing.

In direct contradiction to Movant's assertions, the record shows that Movant stated he understood he faced a statutory minimum sentence of ten years. Furthermore, Movant stated that there were no promises made inducing him to plead guilty – both at the plea hearing and in the Consent. He also said that he understood that the sentence assessed could differ from any estimate given by his counsel or the Government. He understood that, if the sentence was harsher than expected, he would not be able to withdraw his plea. The record shows that Movant understood the final sentence was solely within the discretion of the District Judge. Formal declarations in open court carry with them a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629. Movant has provided no credible evidence that counsel promised him a sentence of less than five years, and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to meet the *Cervantes* requirements. *Cervantes*, 132 F.3d at 1110. Movant's testimony and the plain terms of the plea documents refute Movant's allegations that his attorney promised a lower sentence. Movant's colloquy with the court expressly contradicts the existence of any promises. Thus, he is not entitled to a hearing on the issue. *Id*. at 1111.

Movant also fails to show that he would have insisted on going to trial, but for his counsel's alleged promise. *Hill*, 474 U.S. at 57-59, 106 S. Ct. at 370. His conclusory allegation is insufficient to entitle him to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show that there is a reasonable probability that, but for counsel's alleged

unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Failure to Advise of Consequences of Signing Amended Factual Statement**

Movant also claims that counsel was ineffective for failing to advise him of the consequences of signing the amended Factual Statement at the change of plea hearing. Movant contends that had he known the consequences, he would have rejected the offer and insisted on going to trial. However, Movant again fails to present or point to any evidence from the record or otherwise to show that he would have insisted on proceeding to trial. A review of the record shows, however, that:

1. Movant was satisfied with his counsel's representation;
2. He had adequate time to discuss any possible defenses with her;
3. Movant understood that, although he admitted to the certain quantity of drugs, the Government believed he was responsible for "much more";
4. Movant understood that he faced a statutory minimum sentence of ten years;
5. Movant understood that the sentence assessed could differ from any estimate given by his counsel or the Government;
6. The final sentence was solely within the discretion of the court;
7. Movant understood that his punishment could be increased based on various factors;
8. Movant understood the ramifications of pleading guilty, having no reservations or questions concerning his plea;
9. Movant stipulated to the facts after having discussing them with his attorney; and
10. Movant agreed to the facts without reservation.

Formal declarations in open court carry with them a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629.

Movant has provided nothing but his conclusory allegation that counsel failed to adequately advise him of the consequences of signing the amended Factual Statement, which is insufficient to entitle him to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant again fails to meet the *Cervantes* requirements. *Cervantes*, 132 F.3d at 1110. Movant's testimony and the plain terms of the plea documents refute his allegations that his attorney was deficient for failing to advise him of the consequences of signing the amended Factual Statement. Movant's colloquy with the court expressly contradicts his allegations. Thus, he is not entitled to a hearing on the issue. *Id*. at 1111. Movant fails to show that, but for trial counsel's alleged promise or deficient advice, he would have taken his chances at trial. *Hill*, 474 U.S. at 57-59, 106 S. Ct. at 370. He fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Failure to Investigate**

Finally, Movant claims that trial counsel was ineffective for failing to research the amount of drugs for which he was held responsible. It is well-settled that trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

Movant fails to show what counsel's further investigation would have revealed, or how it would have altered the outcome of the trial, *Gray*, 677 F.2d at 1093, other than alleging that, had he known he would be held responsible for 15 kilograms of methamphetamine, he would have taken his chances at trial. However, the record reflects that:

1. Movant understood that he faced a sentencing range of ten years to life imprisonment;

2. Movant understood that the sentence assessed could differ from any estimate given by his counsel or the Government;

3. Movant understood that his sentence could be increased based on certain factors;

4. Movant understood that the final sentence was solely within the discretion of the District Judge; and

5. Movant specifically stated that he understood that the Government believed that he was responsible for "much more" drugs than Movant was admitting.

Formal declarations in open court carry with them a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629. Moreover, Movant points to no specific evidence to show that counsel failed to adequately investigate.

Movant also fails to show how the outcome would have changed. The Presentence Report shows that Movant was the manager of Mike's Body Shop, which manufactured hidden compartments and hidden traps in cars that were used to transport drugs. Through confidential sources, wiretaps, surveillance, and drug and money seizures, it was determined that Movant organized the collection of drug proceeds and the delivery of the money to Mexico. Additionally, numerous calls referred to Movant's involvement in the distribution of methamphetamine. While

Movant asserts he would have proceed to trial had he known he would be held responsible for "much more" methamphetamine than to what he admitted, he fails to show how the outcome would have been different. He fails to show that he would have prevailed at trial given the evidence obtained against him. Moreover, if found guilty by a jury, the District Judge would still be sentencing Movant. Movant fails to show that his sentence would be less after having proceeded to trial than that he received after pleading guilty. His sentencing range was ten years to life. Being sentenced to 324 months, Movant did not receive the maximum sentence of life; thus, he cannot show prejudice. *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Movant fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He fails to allege with specificity what further investigation would have revealed and how it would have altered the outcome of the trial. *Gray*, 677 F.2d at 1093. Conclusory allegations are insufficient to entitle him to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

## V. CONCLUSION

Movant's guilty plea was knowing and voluntary. Movant does not direct this court to any evidence from the record, or otherwise, showing that counsel erroneously advised him to plead guilty or induced or coerced him to plead guilty to an offense that he did not commit. Movant claimed that he understood the charges and the minimum and maximum penalties, and that his plea of guilty was knowingly and voluntarily made. He fails to show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, the guilty plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77.

Movant merely presents contradictions of his statements at the guilty plea, *Davis*, 825 F.2d at 894, and they are inconsistent with the bulk of his conduct, *Cervantes*, 132 F.3d at 1110. Consequently, Movant is not entitled to a hearing on this matter. *Id*. at 1111. He fails to meet his burden, and his guilty plea must be upheld since it was entered into knowingly, voluntarily, and intelligently. *Montoya*, 226 F.3d at 404.

Movant fails to show that, but for trial counsel's alleged deficient performance, he would have taken his chances at trial. *Hill*, 474 U.S. at 57-59, 106 S. Ct. at 370. He fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. His ineffective assistance of counsel claims discussed do not affect the validity of the plea. "A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982). For these reasons, the motion should be denied and the case dismissed.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very

issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## VII. RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of

appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE