IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GUILLERMO HERNANDEZ, #16555-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv93 |
| | § | CRIMINAL ACTION NO. 4:09cr192(7) |
| UNITED STATES OF AMERICA | § | |

**ORDER OF DISMISSAL**

This civil action was referred to United States Magistrate Judge Don D. Bush. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration.

Movant filed objections in which he reurges the issues raised in his § 2255 motion. He also complains that an evidentiary hearing was not conducted. However, evidentiary hearings are not required in federal habeas corpus proceedings. *See* Rule 8, *Rules Governing § 2255 Cases in the United States District Courts*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th Cir. 1989). Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988). "This requirement avoids wasting federal judicial resources on the trial of frivolous habeas corpus claims." *Id*. Movant fails to show that he was entitled to an evidentiary hearing. *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

When a movant alleges counsel made unkept promises that induced his guilty plea, he is likely entitled to an evidentiary hearing if he produces an independent indicia of the probable merits of his allegations, typically in the form of one or more affidavits from reliable third parties. *United*

1

*States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). However, when his showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record, a hearing is unnecessary. *Id*. Federal courts do not consider a habeas petitioner's bald assertions on a critical issue in his *pro se* motion. "[C]onclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).

Movant fails to provide affidavits from reliable third parties, and his "showing is inconsistent with the bulk of his conduct." *Cervantes*, 132 F.3d at 1110. Movant also fails to show that the outcome would have been different but for counsel's alleged ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 864 (1984).

After conducting a *de novo* review of the objections raised by Movant to the Report, the court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the court. Movant fails to show that the Report was erroneous or that he is entitled to relief. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this the 31st day of March, 2016.**

                                                             *Richard A. Schell*
                                                             RICHARD A. SCHELL
                                                             UNITED STATES DISTRICT JUDGE